PREET BHARARA
United States Attorney
By:   MARA E. TRAGER
      ELLEN LONDON
Assistant United States Attorneys
86 Chambers Street, 3rd Fl.
New York, NY 10007
Tel.: (212) 637-2799/2737
Fax: (212) 637-2730/2702
Email: mara.trager@usdoj.gov
       ellen.london@usdoj.gov

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
UNITED STATES OF AMERICA,           :
                                    :
          Plaintiff,                :
                                    :      12 Civ. 6908 (GBD)
     v.                             :
                                    :      STIPULATION AND
                                    :      ORDER OF DISMISSAL
CROSSBORO CONTRACTING CO., INC. and :
MICHAEL PALETTA,                    :
                                    :
                                    :
          Defendants.               :
-------------------------------------------------------------X

   WHEREAS, the United States of America ("United States") commenced this action by filing a complaint in this Court (the "Complaint") against Crossboro Contracting Co. and its owner Michael Paletta (collectively, "Defendants" or "Crossboro"), under the False Claims Act and common law arising from Defendants' violation of the regulations of the United States Department of Transportation ("DOT") designed to require the participation of disadvantaged business enterprises ("DBEs") in DOT-funded and/or subsidized contracts (the "DBE regulations");

   WHEREAS, the DBE regulations are intended to provide opportunities for businesses owned by socially and economically disadvantaged individuals, such as minorities and/or

women, possessing the required skills to perform work on construction projects funded, at least in part, by the federal government;

WHEREAS, the United States contends that it has certain civil claims against the Defendants under the False Claims Act, codified at 31 U.S.C. §§ 3729-3733, and the common law, as specified below, for engaging in the following conduct (collectively the "Covered Conduct"): Defendants engaged in fraudulent conduct designed to take advantage of the DBE regulations in order to secure subcontracts on federally-funded projects by, through deceit and subterfuge, representing that work on those projects had been performed by the DBE MS Construction Co. ("MS"), when in fact Crossboro itself performed the work. Defendants falsely certified the work was being performed by MS when they knew it was not, and knowingly presented and/or caused to be presented false or fraudulent claims for payment for the work in part from federal funds to the New York City Department of Transportation ("NYCDOT") and the Port Authority of New York and New Jersey ("PANYNJ");

WHEREAS, the United States seeks damages and civil penalties against Defendants under the False Claims Act, 31 U.S.C. §§ 3729-33, and common law;

WHEREAS, the parties desire to reach a full and final settlement and compromise of the claims that the United States asserts against Defendants by entering into this stipulation of settlement (the "Stipulation");

NOW, THEREFORE, it is hereby ORDERED as follows:

1. The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331.

2. Defendants admit, acknowledge, and accept responsibility for causing false statements to be made in violation of federal regulations designed to encourage the participation

of disadvantaged business enterprises in federally-funded construction projects. Specifically, defendants caused false certifications to be presented that reflected that MS Construction Co., which had a certification as a disadvantaged business enterprise, performed certain work and received certain payments, whereas in fact the work was performed by Crossboro and the payments were retained by defendants, except for a commission paid to MS for the fraudulent use of its DBE status.

3. Defendants shall pay to the United States a total of three hundred and fifty-five thousand, one hundred and sixty-four dollars ($355,164) (the "U.S. Settlement Amount"), and interest on the U.S. Settlement Amount at a rate of 3% from the Effective Date (defined below), for the Covered Conduct. The U.S. Settlement Amount is to be discharged by an initial payment of one-hundred thousand dollars ($100,000) (the "U.S. Initial Payment") and subsequent installment payments as set forth in the schedule below in subparagraph (b) (the "U.S. Installment Payments"). Defendants are jointly and severally liable for the U.S. Settlement Amount.

(a) Defendants shall make the U.S. Initial Payment by electronic funds transfer pursuant to written instructions to be provided by the United States Attorney's Office for the Southern District of New York no later than five business days after the Effective Date (defined below); and

(b) Defendants shall make the U.S. Installment Payments by electronic funds transfer pursuant to written instructions to be provided by the United States Attorney's Office for the Southern District of New York in accordance with the following schedule and in the following amounts:

| Installment Payment Amount | Installment Payment Due Date (on or before) |
|---|---|
| 30 calendar days after the Effective Date | $50,637.91 |
| 60 calendar days after the Effective Date | $50,512.91 |
| 90 calendar days after the Effective Date | $50,387.91 |
| 120 calendar days after the Effective Date | $50,262.91 |
| 150 calendar days after the Effective Date | $55,301.91 |

4.  Notwithstanding the provisions of this Stipulation that allow for installment payments of the U.S. Settlement Amount, Defendants shall at all times have the right to prepay the outstanding U.S. Settlement Amount, in whole or in part, without penalty but with interest through the date of the payment.

5.  Subject to the exceptions in Paragraph 6 (concerning excluded claims) below, and conditioned upon Defendants' full payment of the U.S. Settlement Amount, and subject to Paragraph 13 below (concerning bankruptcy proceedings commenced within 91 days of the Effective Date or any payment made under this Stipulation), the United States releases Crossboro and all of its current and former officers, directors, employees, affiliates, and assigns, including Michael Paletta, from any civil or administrative monetary claim the United States has for the Covered Conduct under the False Claims Act, 31 U.S.C. §§ 3729-3733; the Civil Monetary Penalties Law, 42 U.S.C. § 1320a-7a; the Program Fraud Civil Remedies Act, 31 U.S.C. §§ 3801-3812; and the common law theories of payment by mistake, unjust enrichment, and fraud.

6.  Notwithstanding any term of this Stipulation and Order, including the releases provided in paragraph 5, any and all of the following are specifically reserved and excluded from the scope and terms of this Stipulation and Order:

   a.  Any civil, criminal or administrative liability arising under Title 26, U.S.

4

Code (Internal Revenue Code);

b. Any criminal liability;

c. Any administrative liability;

d. Any liability to the United States (or its agencies) for any conduct other than the Covered Conduct;

e. Any liability based upon such obligations as are created by this Stipulation; and

f. Any liability to the United States of any person or entity, including but not limited to any joint tortfeasor who or that is not released by the terms of this Stipulation.

7. The Defendants shall be in default of this Stipulation if they fail to make the payments set forth in paragraph 3. The United States will provide written notice of the default, to be sent by first-class mail to the undersigned attorney for the Defendants. In the event of default, the U.S. Settlement Amount shall be immediately due and payable, and interest shall accrue at the rate of 12% per annum compounded daily on the remaining unpaid principal balance, beginning seven (7) business days after delivery of the notice of default. If the U.S. Settlement Amount, with all accrued interest, is not paid in full within seven (7) business days after delivery of the notice of default, the United States may, at its option: (a) seek specific performance of the Stipulation; (b) offset the remaining unpaid balance of the Settlement Amount from any amounts due and owing the Defendants by any department, agency or agent of the United States at the time of default; (c) reinstate this lawsuit; or (d) exercise any other rights granted by law, or under the terms of this Stipulation, or recognizable at common law or in equity. The Defendants shall

not contest any offset imposed or any collection action undertaken by the United States pursuant to this paragraph, either administratively or in any State or Federal court. In addition, the Defendants shall pay the United States all reasonable costs of collection and enforcement under this paragraph, including attorney's fees and expenses. In the event that the United States opts to rescind this Stipulation pursuant to this paragraph, the Defendants shall not plead, argue or otherwise raise any defenses under the theories of statute of limitations, laches, estoppel or similar theories, to any civil or administrative claims which relate to the Covered Conduct, except to the extent those defenses were available on date of the filing of the complaint in this action.

8. The Defendants waive and will not assert any defenses they may have to any criminal prosecution or administrative action relating to the Covered Conduct that may be based in whole or in part on a contention that, under the Double Jeopardy Clause in the Fifth Amendment of the United States Constitution, or under the Excessive Fines Clause in the Eighth Amendment of the United States Constitution, this Stipulation bars a remedy sought in such criminal prosecution or administrative action. Nothing in this paragraph or any other provision of the Stipulation constitutes an agreement by the United States concerning the characterization of the U.S. Settlement Amount for purposes of the Internal Revenue Code, Title 26 of the United States Code or New York State Tax Law.

9. The Defendants agree that this Stipulation is not punitive in purpose or effect.

10. The Defendants fully and finally release the United States, its agencies, departments, employees, servants, and agents from any claims (including attorneys' fees, costs, and expenses of every kind and however denominated) which the Defendants have asserted,

could have asserted, or may assert in the future against the United States, its agencies, departments, employees, servants, and agents related to the Covered Conduct, and the United States' investigation and prosecution thereof, and this Stipulation.

11. This Stipulation is intended to be for the benefit of the parties only. The parties do not release any claims against any other person or entity, except as provided in this Stipulation. Until the U.S. Settlement Amount is fully satisfied, the Defendants shall maintain custody of, or make arrangements to have maintained, all documents and records of the Defendants related to the Covered Conduct.

12. The Defendants expressly warrant that they have reviewed their financial situation and that they currently are solvent within the meaning of 11 U.S.C. §§ 547(b)(3) and 548(a)(1)(B)(ii)(I), and will not become insolvent following their payments of the U.S. Settlement Amount. Further, the parties expressly warrant that, in evaluating whether to execute this Stipulation, such parties (i) have intended that the mutual promises, covenants and obligations set forth herein constitute a contemporaneous exchange for new value given to the Defendants, within the meaning of 11 U.S.C. § 547(c)(1); and (ii) have concluded that these mutual promises, covenants and obligations do, in fact, constitute such a contemporaneous exchange. Further, the parties warrant that the mutual promises, covenants, and obligations set forth herein are intended and do, in fact, represent a reasonable equivalent exchange of value which is not intended to hinder, delay or defraud any entity to which the Defendants were or became indebted to on or after the date of these transfers, all within the meaning of 11 U.S.C. § 548(a)(1).

13. If, within 91 days of the effective date of this Stipulation or within 91 days of any

payment under this Stipulation, either Defendant commences, or a third party commences, any case, proceeding, or other action under any law relating to bankruptcy, insolvency, reorganization or relief of debtors: (i) seeking to have any order for relief of either Defendant's debts; (ii) seeking to adjudicate either Defendant as bankrupt or insolvent; or (iii) seeking appointment of a receiver, trustee, custodian or other similar official for either Defendant or for all or any substantial part of their assets, then:

    a.    Defendants' obligations under this Stipulation shall not be avoided pursuant to 11 U.S.C. § 547, and neither Defendant shall argue or otherwise take the position in any such case, proceeding or other action that: (i) the Defendants' obligations under this Stipulation may be avoided under 11 U.S.C. § 547; (ii) the Defendants were insolvent at the time this Stipulation was entered into, or became insolvent as a result of the payments made to the United States hereunder; or (iii) the mutual promises, covenants and obligations set forth in this Stipulation do not constitute a contemporaneous exchange for new value given to the Defendants.

    b.    In the event that either Defendant's obligations hereunder are avoided for any reason, including, but not limited to, through the exercise of a trustee's avoidance powers under the Bankruptcy Code, the United States, at its sole option, may rescind its agreement to this Stipulation, and bring any civil and/or administrative claim, action or proceeding against the Defendants for the claims that would otherwise be covered by the release provided in paragraph 5, above. The Defendants: (i) shall not contend that any such claims, actions or proceedings brought by the United States are subject to an automatic stay pursuant to 11

8

U.S.C. § 362(a) as a result of the action, case or proceeding described in the first clause of this paragraph; (ii) the Defendants shall not plead, argue or otherwise raise any defenses under the theories of statute of limitations, laches, estoppel or similar theories, to any such civil or administrative claims, actions or proceedings which are brought by the United States within thirty (30) calendar days of written notification to the Defendants that the releases herein have been rescinded pursuant to this paragraph, except to the extent such defenses were available on the date the complaint was filed in this action; and (iii) the Defendants shall not contest the validity of a claim filed by the United States against the Defendants in the amount of $355,164, and the United States may pursue its claims in the case, action or proceeding referenced in the first clause of this paragraph, as well as any other case, action, or proceeding.

    c.    The Defendants' agreements in this paragraph are provided in exchange for valuable consideration provided in this Stipulation.

14.    Except as expressly provided to the contrary in this Stipulation, the United States and Defendants shall each bear their own legal and other costs incurred in connection with this matter, including the preparation and performance of this Stipulation.

15.    This Stipulation is governed by the laws of New York State without regard to choice of law or conflict of laws principles. The parties agree that the exclusive jurisdiction and venue for any dispute arising between and among the parties under this Stipulation as it relates to this action will be the United States District Court for the Southern District of New York. The parties waive any objection that any of them may now have or hereafter may have to this venue,

9

whether concerning this Stipulation or for any related suit, action or proceeding, and irrevocably consent to the jurisdiction of this Court and agree to accept and acknowledge service in any such suit, action or proceeding.

16. For purposes of construction, this Stipulation shall be deemed to have been drafted by all parties to this Stipulation and shall not, therefore, be construed against any party for that reason in any subsequent dispute.

17. Any failure by the United States to insist upon the strict performance of any of the provisions of this Stipulation shall not be deemed a waiver of any of the provisions hereof, and the United States, notwithstanding that failure, shall have the right thereafter to insist upon strict performance of any and all of the provisions of this Stipulation.

18. If any part of this Stipulation shall for any reason be found or held invalid or unenforceable by any court of competent jurisdiction, such invalidity or unenforceability shall not affect the remainder of this Stipulation, which shall survive and be construed as if such invalid unenforceable part had not been contained herein.

19. This Stipulation constitutes the complete agreement between the parties. This Stipulation may not be amended, changed, modified or waived except in writing signed by all parties or their authorized representatives.

20. The undersigned counsel represent and warrant that they are fully authorized to execute this Stipulation on behalf of the persons and entities indicated below.

21. This Stipulation may be executed in counterparts, each of which constitutes an original and all of which constitute one and the same agreement. Facsimiles of signatures shall constitute acceptable, binding signatures for purposes of this Stipulation.

22. This Stipulation is binding on the Defendants' successors, transferees, heirs, and assigns.

23. The Complaint is hereby dismissed, without prejudice to reinstatement in accordance with Paragraph 6 of this Stipulation.

24. Any notices pursuant to this Stipulation shall be in writing and shall, unless expressly provided otherwise herein, be given by hand delivery, express courier, or facsimile transmission followed by postage prepaid mail, and shall be addressed as follows:

> **IF TO THE UNITED STATES:**
> Mara E. Trager
> Ellen London
> Assistant United States Attorneys
> United States Attorney's Office
> Southern District of New York
> 86 Chambers Street, 3rd Floor
> New York, New York 10007
> Facsimile: (212) 637-2730/2702
>
> **IF TO DEFENDANTS CROSSBORO & MICHAEL PALETTA:**
> Kerry A. Lawrence, Esq.
> Calhoun & Lawrence, LLP
> 81 Main Street, Suite 450
> White Plains, New York 10601
> Facsimile: (914) 946-5906

25. The effective date of this Stipulation is the date upon which this Stipulation is entered by this Court (the "Effective Date").

11

26. The Defendants represent that this Stipulation and Order is freely and voluntarily entered into without any degree of duress or compulsion whatsoever and upon due deliberation with the advice of counsel.

Dated: New York, New York
~~July~~, 2012
September 12

By: *[signature]*

PREET BHARARA
United States Attorney for the
Southern District of New York

MARA E. TRAGER
ELLEN LONDON
Assistant United States Attorneys
86 Chambers Street, 3rd Floor
New York, New York 10007
Telephone: (212) 637-2799/2737
Facsimile: (212) 637-2730/2702
mara.trager@usdoj.gov
ellen.london@usdoj.gov

Dated: New York, New York
July 12, 2012

By: *[signature]*

CALHOUN & LAWRENCE, LLP
Attorneys for Defendants

Kerry A. Lawrence, Esq.
81 Main Street, Suite 450
White Plains, New York 10601
Telephone: (914) 946-5900
Facsimile: (914) 946-5906
klawrence@calhounlawrence.com

SO ORDERED: SEP 13 2012

*[signature]* George B. Daniels
UNITED STATES DISTRICT COURT JUDGE

12